```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

JAMES MARDENBOROUGH,               )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   Civil No. 2014-82
                                   )
COMMISSIONER SHARON ANN MCCOLLUM,  )
CLARISSA WARRINGTON, and           )
GOVERNMENT of the VIRGIN ISLANDS   )
DEPARTMENT OF EDUCATION,           )
                                   )
          Defendants.              )
                                   )
                                   )
```

ATTORNEYS:

**Namosha Boykin**
**Pedro K. Williams**
Law Office of Pedro K. Williams
St. Thomas, U.S.V.I.
   *For the James Mardenborough,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Aquannette Y. Chinnery, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
   *For the defendants.*

## JUDGMENT[1]

**GÓMEZ, J.**

Before the Court is the motion of Commissioner Sharon Ann McCollum, Clarissa Warrington, and the Government of the Virgin Islands for summary judgment on all Counts of the Complaint.

---

[1] The Court will issue a memorandum opinion outlining its reasons at a later date.

*Mardenborough v. Government of the Virgin Islands*
Civ. No. 14-82
Order
Page 2

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of Educ. v. Earls,* 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994).

*Mardenborough v. Government of the Virgin Islands*
Civ. No. 14-82
Order
Page 3

The premises considered, it is hereby

**ORDERED** that the motion for summary judgment is **GRANTED**; it is further

**ORDERED** that this case is **DISMISSED**; it is further

**ORDERED** that all pending motions are **MOOT**; it is further

**ORDERED** that the trial setting in this matter is **VACATED**; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this case.

S\_____
**Curtis V. Gómez**
**District Judge**