DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| JAMES MARDENBOROUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 2014-82 |
| | ) | |
| COMMISSIONER SHARON ANN MCCOLLUM, | ) | |
| CLARISSA WARRINGTON, and | ) | |
| GOVERNMENT of the VIRGIN ISLANDS | ) | |
| DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**ATTORNEYS:**

**Namosha Boykin**
**Pedro K. Williams**
Law Office of Pedro K. Williams
St. Thomas, U.S.V.I.
 *For James Mardenborough,*

**Claude Walker, Attorney General**
**Carol Thomas-Jacobs, AAG**
**Aquannette Y. Chinnery, AAG**
**Ariel Marie Smith-Francois, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
 *For the defendants.*

**MEMORANDUM OPINION**[1]

**GÓMEZ, J.**

Before the Court is the motion of Commissioner Sharon Ann McCollum,[2] Clarissa Warrington, and the Government of the Virgin Islands for summary judgment.

## I. FACTUAL AND PROCEDURAL HISTORY

The Virgin Islands Department of Education (the "VI Department of Education") is an agency of the Government of the United States Virgin Islands. The VI Department of Education is largely responsible for administering the pre-college education system in the Virgin Islands. The VI Department of Education's efforts, in part, are supported by federal funds. In 1998, the federal government designated the VI Department of Education as a high-risk grantee due to unsatisfactory compliance with regulations applicable to entities that receive federal funds. Starting with the 2004 fiscal year, the United States Department of Education required the VI Department of Education to hire a third-party fiduciary to manage the VI Department of Education's property.

---

[1] The Court previously granted judgment in favor of the defendants. This memorandum opinion provides the reasoning for the Court's September 8, 2016, Judgment.

[2] Since commencement of this action, Commissioner Sharon Ann McCollum has replaced Donna Frett-Gregory as commissioner of the department of education. As such, pursuant to Federal Rule of Civil Procedure 25, the Court shall substitute Donna Frett-Gregory with Sharon Ann McCollum in this action.

In response to that requirement, in 2006, the VI Department of Education hired Alvarez & Marsal Public Sector Services ("A&M") to serve as the third-party fiduciary. Thereafter, on May 15, 2009, the VI Department of Education replaced A&M with Cobb, Bazilio and Associates ("CBA"). The United States Department of Education approved the VI Department of Education's selection of CBA to replace A&M as the third-party fiduciary.

In February, 2008, James Mardenborough ("Mardenborough") was hired by the VI Department of Education as a Territorial Compliance Specialist. He subsequently was promoted to Procurement Director for the St. Croix District. On October 30, 2012, Mardenborough was promoted to Territorial Director of Property/Director of Fixed Assets for the VI Department of Education. In that position, Mardenborough oversaw the VI Department of Education's assets and its fixed asset analysis.

While working as the Territorial Director of Property, Mardenborough discovered various discrepancies and missing assets. Mardenborough alleges that mismanagement by the third-party fiduciary prevented the VI Department of Education from accounting for over two million dollars in inventory. In or around July, 2012, Mardenborough reported his discoveries to

Donna Frett-Gregory ("Frett-Gregory"), the Acting Commissioner of the VI Department of Education.

On June 19, 2013, Clarissa Warrington ("Warrington") was hired as the Acting Deputy Commissioner for Fiscal Administrative Services for the VI Department of Education. As the Acting Deputy Commissioner for Fiscal and Administrative Services, Warrington was Mardenborough's direct supervisor.

Mardenborough alleges that he continued to file reports regarding issues with CBA after Warrington became his direct supervisor. Mardenborough further alleges that from June 19, 2013, up until he was wrongfully terminated, he was repeatedly wrongfully reprimanded and punished by Warrington. He also alleges that he was subjected to that treatment because Warrington's husband was employed by CBA and Mardenborough's ongoing reports of missing assets and discrepancies reflected badly upon Warrington's husband.

On January 7, 2014, Mardenborough was informed by Warrington that she intended to terminate his employment. On the afternoon of January 7, 2014, Mardenborough received two letters from Warrington. Those letters were addressed to the Governor of the United States Virgin Islands and recommended Mardenborough's termination.

On March 11, 2014, Mardenborough received a letter dated February 26, 2014, from Governor Kenneth Mapp. That letter terminated Mardenborough's employment.

Subsequently, Frett-Gregory published a statement to the Virgin Islands Legislature which indicated that the Director of Fixed Assets and other individuals were responsible for the failure to remove equipment from a school that closed in 2007.

On October 8, 2014, Mardenborough filed the instant complaint against the Commissioner of the Department of Education, Warrington, and the VI Department of Education (collectively, the "GVI"). The Complaint includes five counts. Count I alleges that the GVI violated 10 V.I.C. § 122, the Virgin Islands Whistleblower's Protection Act. Count II alleges a harassment claim against the GVI. Count III alleges a retaliation claim in violation of Title VII of the Civil Rights Act of 1964 against the VI Department of Education. Count IV alleges that the VI Department of Education violated 24 V.I.C. § 361 *et seq*, the Virgin Islands Wrongful Termination Act. Count V alleges a slander claim against McCollum and the VI Department of Education.

The GVI moved for summary judgment on all counts.

## II. DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Hersh v. Allen Prods. Co.,* 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy,* 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements." *Quiroga v. Hasbro, Inc.,* 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all reasonable inferences in favor of the opposing party. *See Bd. of*

*Educ. v. Earls,* 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.,* 32 F.3d 768, 777 (3d Cir. 1994).

### III. ANALYSIS

There are three broad categories of claims alleged in Mardenborough's Complaint. The first category contains a federal claim. The second category contains a claim which ambiguously relies on either federal or local law. The third category contains claims asserting violations of local Virgin Islands law.

**A. Claim Arising Under Federal law**

In Count III of the complaint, Mardenborough alleges that the GVI retaliated against him because he reported mismanagement by the third-party fiduciaries. Count III further specifies that "[t]he actions of Defendants constitute discrimination based upon retaliation, in violation of title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq." *Compl.*, ECF No. 1 at 18.

The GVI argues that Count III should be dismissed. In particular, the GVI argues that "[t]here is no suggestion that the alleged retaliation was premised on race, sex or any of the other discriminatory criteria that is prohibited under Title VII." *Mem. in Supp. of Mot. for Summ. J.*, ECF No. 126 at 6.

In his response, Mardenborough withdrew his retaliation claim. Specifically, he stated that:

> [h]aving reconsidered the allegations under Count III of the First Amended Complaint, Mardenborough hereby moves to withdraw Count III, however, he does not withdraw the factual allegations in support of that Count, to wit: paragraphs 165-177. Instead, Mardenborough hereby seeks leave to merge paragraphs 165-177 into Count I.

*Opp'n to Mot. for Summ. J.*, ECF No. 131 at 9.[3]

As such, the Court will dismiss Count III of the Complaint.

**B. Ambiguous Claim**

In Count II, Mardenborough asserts a harassment claim against the GVI. Count II consists of four paragraphs:

> 161. Mardenborough re-alleges paragraphs 1 through 158 and incorporates the same by reference as though fully set forth herein.
>
> 162. Mardenborough was disciplined without justification, retaliated against, silenced from reporting violations of the law blacklisted from important meetings, threatened with termination of his employment if he did not resign, and purportedly wrongfully terminated.
>
> 163. Defendants possessed no legitimate purpose for any of the actions taken against Mardenborough.
>
> 164. Defendants are joint [sic] and severally liable for **HARASSMENT.**

*Compl.*, ECF No. 1 at ¶ 161-64 (emphasis in original).

---

[3] It is unclear to the Court what Mardenborough is referencing with the phrase "First Amended Complaint." Mardenborough never amended his initial Complaint.

The complaint does not identify whether Count II asserts a claim under local or federal law. Moreover, due to the structure of Count II and the wholesale adoption of almost the entire Complaint, it is unclear which allegations support Count II. Indeed, this lack of clarity is precisely why this method of pleading is generally considered to be unacceptable "shotgun pleading." *See Wagner v. First Horizon Pharm. Corp.,* 464 F.3d 1273, 1279(11th Cir. 2006)(noting that pleadings in which all antecedent allegations are incorporated by reference into all subsequent counts make it difficult or impossible for the court to determine if the claims are meritorious).

In an effort to clarify Count II of the Complaint, the Court held a status conference. During the status conference, the Court asked "[u]nder what statute or common law authority is plaintiff bringing that claim?" *July 27, 2016 Status Conference*, ECF No. 166, at 2:15-17. Mardenborough's attorney answered the question by stating that "[i]t's patterned after the hostile work environment case law." *Id.* at 2:22. The Court further inquired by asking, "[s]o, it's in the nature of a common law based claim?" *Id.* at 2:25-3:1. Mardenborough's attorney responded, "Correct. Yes." *Id.* at 3:2.

After the status conference, the Court remains uncertain as to the nature of Mardenborough's claim. As such, the Court will

address the federal claims that could potentially provide a basis for Count II.

The first potential basis for a harassment claim is Title VII. Title VII of the Civil Rights Act provides, in pertinent part, that:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, ... because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

"Title VII protects 'those who oppose discrimination made unlawful by Title VII.'" *Davis v. City of Newark,* 417 F. App'x 201, 202 (3d Cir. 2011)(quoting *Moore v. City of Philadelphia,* 461 F.3d 331, 341 (3d Cir. 2006)). To establish a claim of harassment under Title VII, "the plaintiff bears the burden of proving that: (1) he suffered intentional discrimination based on his membership in a protected class; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected him; (4) a reasonable person in the same position and protected class would have been detrimentally affected; and (5) *respondeat superior* liability exists." *Tarr v. FedEx Ground*, 398 F. App'x 815, 819 (3d Cir. 2010). Protected classes include

"race, color, religion, sex, or national origin. . . ." 42 U.S.C. § 2000e-2.

Having examined the complaint, the Court has not located any allegation establishing that Mardenborough suffered harassment because of his membership in a protected class. Thus, it does not appear that the harassment claim was brought under Title VII.

Moreover, Mardenborough does not allege that he is a federal employee. The federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302, only "protects *federal employees* against agency reprisal for whistleblowing activities, such as disclosing illegal conduct, gross mismanagement, gross waste of funds, or acts presenting substantial dangers to health and safety." *Fleeger v. Principi*, 221 F. App'x 111, 115 (3d Cir. 2007)(explaining the administrative procedures that must be followed under the WPA)(emphasis added). As such, it does not appear that the harassment claim was brought under the WPA.

The Court is unaware of any other potential basis in federal law for Mardenborough's harassment claim. As such, the Court will construe Count II as arising under local law and will address it with the other local law claims.

**C. Local Law Claims**

Counts I, II, IV, and V all arise under local law. There is no independent basis upon which to invoke this Court's jurisdiction over the Plaintiffs' remaining claims. As such, the Court must determine whether to exercise supplemental jurisdiction over these claims.

A district court may exercise supplemental jurisdiction "where state-law claims share a common nucleus of operative fact with the claims that supported the district court's original jurisdiction." *De Asencio v. Tyson Foods, Inc.,* 342 F.3d 301, 308 (3d Cir. 2003)(internal quotations omitted). However, the exercise of supplemental jurisdiction is a matter of discretion. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)(stating that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right"). Pursuant to 28 U.S.C. § 1367(c)(3), "the district courts may decline to exercise supplemental jurisdiction ... if ... the district court has dismissed all claims over which it has original jurisdiction." *See, e.g., Figueroa v. Buccaneer Hotel, Inc.,* 188 F.3d 172, 181 (3d Cir. 1999)("We find that the court acted well within its discretion in dismissing [the plaintiff's] remaining territorial claims, as it had dismissed the Title VII claim that provided the court with its jurisdiction.").

The Court finds that the local law claims asserted in this matter are better left to the Superior Court of the Virgin Islands. Accordingly, the Court will decline to exercise supplemental jurisdiction over those claims. *See, e.g., Boyd v. Rockwood Area Sch. Dist.,* 105 Fed. Appx. 382, 384 (3d Cir. 2004) (affirming the district court's decision not to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims after having dismissed their section 1983 claims under Rule 12(b)(6)); *see also Sapphire Beach Resort & Marina Condo. Ass'n v. Pacheco-Bonanno,* Civ. No.2002-50, 2007 U.S. Dist. LEXIS 94337, at *15-16, 2007 WL 4812276 (D.V.I. Dec. 20, 2007)(declining to exercise supplemental jurisdiction because "the dispute that gives rise to this action is better handled by the local courts").

For those reasons, the Court entered judgment in favor of the defendants.

S\_____
**Curtis V. Gómez
District Judge**